**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JONNIELYNN SMITH, | CASE NO. 1:23-CV-00522-SL |
| Plaintiff, | JUDGE SARA LIOI |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MAGISTRATE JUDGE CARMEN E. HENDERSON |
| Defendant, | **REPORT & RECOMMENDATION** |

**I. Introduction**

Plaintiff, Jonnielynn Smith ("Smith" or "Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI"). This matter is before me pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and Local Rule 72.2(b). For the reasons set forth below, it is RECOMMENDED that the Court OVERRULE Claimant's Statement of Errors and AFFIRM the Commissioner's decision.

**II. Procedural History**

On December 10, 2020, Claimant filed an application for SSI, alleging a disability onset date of December 1, 2015 and claiming she was disabled due to mental impairments and osteoarthritis in all joints. (ECF No. 9, PageID #: 339, Tr. at 290). The application was denied initially and upon reconsideration, and Claimant requested a hearing before an administrative law judge ("ALJ"). On January 21, 2022, an ALJ held a hearing, during which Claimant, represented by counsel, and an impartial vocational expert testified. (ECF No. 9, PageID #: 84,

Tr. at 35). On February 16, 2022, the ALJ issued a written decision finding Claimant was not disabled. (ECF No. 9, PageID #: 62, Tr. at 13). The ALJ's decision became final on January 30, 2023, when the Appeals Council declined further review. (ECF No. 9, PageID #: 50, Tr. at 1).

On March 15, 2023, Claimant filed her Complaint to challenge the Commissioner's final decision. (ECF No. 1.) The parties have completed briefing in this case. (ECF Nos. 10 and 12). Claimant asserts the following assignment of error:

> At step two, the ALJ found that Ms. Smith does not have a severe physical impairment. This finding is unsupported by substantial evidence when the ALJ minimized the objective evidence and unreasonably rejected the opinions of the independent state agency medical consultants.

(ECF No. 10 at 1).

**III. Background**

The ALJ summarized Claimant's hearing testimony:

> The claimant testified that she has not worked in recent years because she has given up on life and is depressed. She focused primarily on her mental impairments as the reason she is unable to sustain employment. She testified that she has been going in and out of treatment at community mental health agencies for many years but said that her mental functioning has deteriorated due to lack of family support. She said that her daily activities are limited, she has no routines, and she relies on her ex-husband to assist her with household chores and shopping. (Hearing testimony).

(ECF No. 9, PageID #: 73, Tr. at 24).

**IV.     The ALJ's Decision**

The ALJ made the following findings relevant to this appeal:

> 2. The claimant has the following severe impairments: Depressive, bipolar and related disorders; substance addiction disorder (alcohol); anxiety and obsessive-compulsive disorder; and substance addiction disorder (drugs). (20 CFR 416.920(c)).
>
> [ . . . ]

2

All other impairments of record are deemed non-severe because they have not individually, or in combination with other impairments, caused more than minimal work-related difficulties for a continuous period of at least 12 months (20 CFR 404.1521 et seq). These include musculoskeletal impairments and hemolytic anemia.

[ . . . . ]

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform work at all exertional levels as defined in 20 CFR 416.967 with mental limitations. She can perform simple, routine tasks with simple, short instructions. She can make simple decisions and have few workplace changes. There could be no requirements for fast-paced production quotas. She can have superficial interaction with coworkers, supervisors and the public and "superficial" refers to the intensity of interaction so no negotiations or confrontations.

[ . . . . ]

5. The claimant is capable of performing past relevant work as order puller. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

[ . . . . ]

6. The claimant has not been under a disability, as defined in the Social Security Act, since December 10, 2020, the date the application was filed (20 CFR 416.920(f)).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

**B. Standard for Disability**

The Social Security regulations outline a five-step process that the ALJ must use in determining whether a claimant is entitled to supplemental-security income or disability-insurance benefits: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of her residual functional capacity ("RFC"); and (5) if not, whether, based on the claimant's age, education, and work experience, she can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642–43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient evidence to prove that she is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at step

five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.*

### C. Discussion

Claimant's sole issue for review is whether the ALJ erred in finding no severe physical impairment at Step Two of the sequential analysis. At Step Two, the ALJ found severe impairments of depressive, bipolar and related disorders; substance addiction disorder (alcohol); anxiety and obsessive-compulsive disorder; and substance addiction disorder (drugs). (ECF No. 9, PageID #: 68, Tr. at 19). The ALJ found no physical severe impairments, including musculoskeletal impairments and hemolytic anemia. (*Id.*) The Court will not disturb that finding here.

At Step Two of the sequential analysis, claimant has the burden of proving he or she has a severe medically determinable impairment, in order to establish disability within the meaning of the Act. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004) (citing 20 C.F.R. § 404.1520(a)(4)(ii)). A "severe" impairment, according to Social Security regulations, is "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Nevertheless, "[a]t step two 'significant' is liberally construed in favor of the claimant[, but] [t]he regulations provide that if the claimant's degree of limitation is none or mild, the Commissioner will generally conclude the impairment is not severe." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. App'x 425, 428 (6th Cir. 2007); *see also* 20 C.F.R. § 416.920a(d)(1) ("If [the Commissioner] rate[s] the degree of limitation as 'none' or 'mild', [the Commissioner] will generally conclude that [the] impairment is not severe..."). "In the Sixth Circuit, the severity determination is 'a de minimis hurdle in the disability determination process.'" *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008)

(*quoting Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education and experience." *Id.* "The goal of the test is to 'screen out totally groundless claims.'" *Id.* (*quoting Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985)). However, the failure to find an impairment severe is harmless error where other impairments are deemed severe. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ makes a finding of severity as to even one impairment, the ALJ "must consider limitations and restrictions imposed by *all of an individual's impairments, even those that are not 'severe.'*" SSR 96–8p, 1996 WL 374184 at *5 (July 2, 1996) (emphasis added). Thus, an ALJ's decision not to designate an impairment as "severe" at step two does "not constitute reversible error," so long as the ALJ considers all of a claimant's limitations caused by both severe and non-severe impairments at the remaining steps of the sequential evaluation. *Maziarz*, 837 F.2d at 244; *see also Nejat v. Comm'r of Soc*. Sec., 359 F. App'x 574, 576-77 (6th Cir. 2009).

Here, the ALJ found that Claimant suffered numerous severe impairments: "[d]epressive, bipolar and related disorders; substance addiction disorder (alcohol); anxiety and obsessive-compulsive disorder; and substance addiction disorder (drugs)." (ECF No. 9, PageID #: 68). Therefore, Claimant "cleared step two of the analysis." *Anthony*, 266 F. App'x at 457. "This caused the ALJ to consider [Claimant's] severe and nonsevere impairments in the remaining steps of the sequential analysis. The fact that some of [Claimant's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Id.* (*citing Maziarz*, 837 F.2d at 244). Even if the ALJ erred by failing to list any physical impairments as severe, the ALJ proceeded with the remainder of the sequential analysis; thus, any error is harmless. *Mendolera*

6

*v. Comm'r of Soc. Sec.*, No. 1:18-CV-2604, 2020 WL 57164, at *2 (N.D. Ohio Jan. 6, 2020)(" 'An ALJ's failure to find a severe impairment where one exists may not constitute reversible error where the ALJ determines that a claimant has at least one other severe impairment and continues with the remaining steps of the disability evaluation.' ")(quoting *Winn*, 615 F. App'x at 326 (citing *Maziarz*, 837 F.2d at 244); *see Nejat*, 359 F. App'x at 577 (holding that "when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does 'not constitute reversible error' ") (quoting *Maziarz*, 837 F.2d at 244)).

The decision provides:

> All other impairments of record are deemed non-severe because they have not individually, or in combination with other impairments, caused more than minimal work-related difficulties for a continuous period of at least 12 months (20 CFR 404.1521 et seq). These include musculoskeletal impairments and hemolytic anemia.
>
> As noted above, there is an Administrative Law Judge decision for a prior claim which established a severe impairment of "ANA positive". (Exhibit B1A). At the initial level of the claim before me, on February 6, 2021, state agency medical consultant W. Scott Bolz, MD adopted the physical limitations in the residual functional capacity found by the Administrative Law Judge decision dated February 15, 2017, citing AR 98-4. This residual functional capacity finding is below:
>
>> "less than the full range of light work…she can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for 6 hours of an 8-hour workday and sit for 6 hours of an 8-hour workday with a sit/stand option every hour for about 5 minutes, without leaving the workstation. She can occasionally climb stairs/ramps, but never climb ladders, ropes, or scaffolds. She can balance. She can occasionally stoop, kneel, crouch, and crawl. She can reach in all directions and she can frequently handle, finger, and feel." (Exhibit B3A/5).
>
> Medical consultant Leslie Green, MD affirmed Dr. Bolz' finding at the reconsideration level of the claim, on June 11, 2021. (Exhibit B5A/5).

The shared opinion of Dr. Bolz and Dr. Green is not persuasive. The current record lacks any evidence showing that the claimant has a physical impairment that causes the limitations alleged by the claimant (Exhibit B5F/2-4).

First, I must address the finding from the decision for the prior claim that "ANA positive" is a severe impairment. In fact, this is a laboratory finding which sometimes is used to establish a diagnosis of an autoimmune disorder. It is not an impairment, nor is this finding in absence of clinical observations enough to establish a diagnosis. Additionally, in this case, the record shows that more recent laboratory testing found a negative ANA result. (Exhibit B3F/64-69). During the same laboratory testing, an erythrocyte sedimentation rate (ESR) was ordered, and was elevated into the clinical range, with a sedimentation rate of 41. (Id., 14, 72). However, while this is one piece of information that a physician might use to help evaluate the cause of inflammation in the joints or elsewhere, this test is also not the equivalent of a diagnosis.

At the hearing, the claimant alluded to a diagnosis of lupus and pain in various joints especially her arms and back. She said that her right arm is "basically gone." She testified that she was told she had a slipped disc many years ago and indicated that was the likely cause of her back pain. When the claimant's representative asked her if her symptoms have gotten worse, the claimant said, "Of course it's gotten worse - I'm older!" However, she had difficulty specifying the location of pain in her body or providing any information about how she treats her physical pain. She estimated that she would be able to stand for about 15 minutes before needing to sit. The claimant also said that she would not be able to lift more than 20 pounds. (Hearing testimony).

The claimant reported a diagnosis of arthritis to her mental health treatment provider. (Exhibits B1F/31; B4F/3, 8, 51). MetroHealth records refer to X-ray imaging of the claimant's hands from June 2016 which revealed mild osteoarthritis of the bilateral thumb intra-phalangeal joints and remote fracture deformities of the bilateral fifth metacarpal joints. (Exhibit B3F/35). The record lacks any other imaging which establishes degenerative joint disease. Therefore, although I accept the imaging from 2016 as establishing mild arthritis of the thumbs, osteoarthritis is not a severe impairment because the record does not provide support for the claimant's allegations about her physical limitations. Moreover, physical examinations documenting normal gait, full to slightly diminished strength, and no significant limitations in range of motion in any of the claimant's joints. (Exhibit B3F/28).

In April 2021, when the claimant saw the nurse practitioner at MetroHealth, she reported a history of fibromyalgia. (Exhibit B5F/1). However, there is very little evidence supporting any of the claimant's impairments about her physical impairments found in the records after her protective filing date, and no confirmation of positive tender point testing, specialized rheumatologic evaluation, or that other causes for symptoms have been ruled out, as required by

> the ruling used to evaluate fibromyalgia. (SSR 12-2P). Therefore, fibromyalgia is not a medically determinable impairment.
>
> In summary, none of the claimant's allegations regarding impairments affecting her joints, muscles, and connective tissue are supported by the objective evidence.
> Anemia is listed as a "prior medical history" diagnosis in MetroHealth records. (Exhibit B3F/16, 25, 35, 39, 42). However, laboratory testing, including a CBC panel, indicated no anemia in 2016, and there is no updated testing which establishes this as a current. (Id., 24).

(ECF No. 9, PageID #: 68-70, Tr. at 19-21). Here, the ALJ explained, rather thoroughly, why they determined that Claimant's did not have any severe physical impairments. (ECF No. 9, PageID #: 68-70, Tr. at 19-21). Further, the ALJ specified that they "considered all of the claimant's impairments, including those which [they] found to be nonsevere, when making the findings below regarding the claimant's residual functional capacity." (ECF No. 9, PageID #: 70, Tr. at 21).

Because the ALJ completed the sequential analysis and considered Claimant's physical impairments in creating the RFC, any error in the ALJ not finding that Claimant had severe physical impairments would be harmless.

## VI. Recommendation

Based on the foregoing, it is RECOMMENDED that the Court OVERRULE Claimant's Statement of Errors and AFFIRM the Commissioner's decision.

Dated: November 14, 2023

*s/ Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).